UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NATALYA PRACH, IVAN KRIGER, ANDREY SAMOLOVOV, AND ANATOLIY TSIRIBKO, and NORTHWEST FAIR HOUSING ALLIANCE, AND JOSEPH ESPOSITO

Plaintiffs-Intervenors,

v.

BOWEN PROPERTY MANAGEMENT, SPOKANE HOUSING AUTHORITY, WESTFALL VILLAGE APARTMENTS, L.P., JOHN BALLAS, AND KERREY LEMONS,

Defendants.

NO. CV-03-0250-EFS

**ORDER GRANTING MOTION TO JOIN MR. ESPOSITO, AMENDING CAPTION, AND DENYING BOWEN PROPERTY MANAGEMENT'S MOTION FOR SUMMARY JUDGMENT**

A telephonic hearing was held in the above-captioned case on January 25, 2007. Counsel made their appearances as set forth in the Minutes of that proceeding (Ct. Rec. 424). In addition, Mr. Berhow confirmed that he and University Legal Assistance had authority to appear for Mr. Esposito, the Trustee in the reopened bankruptcy proceeding, and in fact made their appearance on behalf of the Trustee. Before the Court were Defendants' Motion for Summary Judgment against Ivan Kriger (Ct. Rec. 380), based on Judicial Estoppel, Plaintiff Ivan Kriger's Motion for Leave of Court to Join or Substitute Joseph Esposito

(Ct. Rec. 418), and Motion to Expedite hearing thereon (Ct. Rec. 417). This order memorializes and supplements the Court's oral rulings at the hearing.

## I. PLAINTIFF KRIGER'S MOTION FOR LEAVE OF COURT TO JOIN OR SUBSTITUTE JOSEPH ESPOSITO

At the outset of the hearing, counsel for Defendants objected to the Motion for Leave of Court to Join or Substitute Joseph Esposito ("Motion to Join"), and objected to expedited hearing on the motion. (Ct. Recs. 417, 418). The Court indicated that the issues triggering the Motion to Join were the claimed defects in the bankruptcy proceeding, which had been raised as predicates to the Defendants' Motion for Summary Judgment based on judicial estoppel. Because the Motion to Join was a response by the Plaintiff's and an attempt to cure the defects in the bankruptcy proceeding, the Court was inclined to hear the motion to join prior to hearing the Motion for Summary Judgment. The Court permitted Defendants to elect additional time to respond to the Motion to Join, or expedited hearing and hearing on the Motion for Summary Judgment.

After a recess, Defendants withdrew the objection to expedited hearing on the Motion to Join. Defendants also withdrew the objection to joinder of Mr. Esposito. Consequently, the Court **granted** both motions.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON JUDICIAL ESTOPPEL

Defendants ask the Court to dismiss all claims of Plaintiff Ivan Kriger in this action, based on the equitable doctrine of judicial

estoppel. Defendants argue that because Mr. Kriger failed to schedule this lawsuit as a contingent asset in a prior bankruptcy proceeding, he should now be estopped from bringing suit on the undisclosed claim.

**A. Statement of Uncontroverted Facts**

Plaintiff Kriger filed a complaint in intervention in this matter on September 24, 2003. (Ct. Rec. 21). On March 23, 2004, Mr. and Mrs. Kriger filed for Chapter 7 Bankruptcy Relief. E.D. Wash. Bankr. No. 04-02413. Mr. Kriger obtained a discharge of debts on June 29, 2004. On September 21, 2004, the Bankruptcy Trustee entered his Report of Trustee in a No Asset Case. Prior to discharge, Mr. Kriger did not amend his Schedule B listing contingent assets to include this lawsuit, but did amend his Schedule F, listing Mr. Grimes--his attorney in this case at the time--as an unsecured creditor. (Ct. Rec. 381-9).

The Defendants' Statement of Facts was agreed to by the Plaintiff (Ct. Recs. 381, 391). Plaintiff would add only that such failure to list this lawsuit by Ivan Kriger in the original bankruptcy was inadvertent and not intentional. (Ct. Recs. 389, 391). Plaintiff's additional facts consist of his declaration that he believed that this lawsuit was listed in the original schedules.

Plaintiff presents evidence in support of the argument he has taken steps to "cure" any error by moving the bankruptcy court to reopen that proceeding. The bankruptcy granted the motion to reopen, and appointed Mr. Esposito as trustee in the reopened case. Mr. and Mrs. Kriger filed amended Schedules B and C. Mr. Esposito withdrew the report of no distribution and applied for permission to have University Legal Assistance act as attorney for trustee and the debtor on a contingency

fee basis in November of 2006. Mr. Esposito gave notice of these proceedings to creditors on December 14, 2006 (Ct. Rec. 389).

**B. Applicable Law & Analysis**

1. Elements of Judicial Estoppel

Defendants argue that this case is governed by the holding of *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Hamilton discussed three considerations as appropriate for the Court to weigh in determining whether to judicially estop a party: (1) the "party's later position must be clearly inconsistent with its earlier position;" (2) "whether the party had succeeded in persuading a court to accept the party's earlier position;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 782-783 (citations omitted). Defendants argue that this case is squarely on point with the facts in *Hamilton*. Mr. Hamilton failed to disclose his lawsuit against State Farm in his bankruptcy schedule. In *Hamilton*, after filing a false schedule with the bankruptcy court, and receiving a discharge under chapter 7, Mr. Hamilton sued State Farm in a separate proceeding. The district court held that Mr. Hamilton should be judicially estopped from asserting the claim. Defendants argue that this case is identical to, and governed by *Hamilton.*

Plaintiff concedes all facts presented by Defendants, but argues a slight difference in legal standard and that his case is distinguishable from *Hamilton*. Legally, plaintiff argues that the 9th Circuit generally requires a showing that the party to be estopped acted

intentionally, and not inadvertently. *Johnson v. Oregon Dept. of Human Resources Rehab. Div.*, 141 F. 3d 1361, 1369 (9th Cir. 1998); *Valdez v. JDR LLC*, 2006 WL 2038456 at *2 (D. Ariz., July 20, 2006). On Reply, Defendant concedes that the standard that the inconsistent position be taken intentinonally, and not inadvertently, applies.

2. Factual Evidence of Intentional Conduct

Plaintiff claims he did not act intentionally, but that it was an inadvertent mistake. *Kriger Decl.*,[1] (Ct. Rec. 389 at 15). He claims that the $20,000 listed next to "Chris Grimes" in a note from his bankruptcy attorney's file reflects his understanding at the time that this was a value being assigned to this lawsuit (Ct. Rec. 389, Ex. B at 18). He argues that, at minimum, there is a genuine issue of material fact as to his intent. The bankruptcy schedule listing Plaskin as a contingent claim, Grimes and Ford as creditors is not sufficient to prove intentional conduct as opposed to mere inadvertence.

Finally, Plaintiff argues he has cured any error by moving the bankruptcy court to reopen that proceeding. The bankruptcy granted the motion to reopen, and appointed Mr. Esposito as trustee in the reopened

---

[1] Defendants filed a Motion to Strike paragraph 3 of Mr. Kriger's declaration as hearsay, and exhibit B thereto on grounds that the document is unauthenticated hearsay (Ct. Rec. 389). The Court **denies** Defendants' Motion to Strike (Ct. Rec. 404) because both are offered not for the truth of the matters asserted, but to show Mr. Kriger's beliefs and state of mind as inadvertent at the time that he filed for bankruptcy. Fed. R. Evid. 803(3).

case. Mr. and Mrs. Kriger filed amended Schedules B and C. Mr. Esposito withdrew the report of no distribution and applied for permission to have University Legal Assistance act as attorney for trustee and the debtor on a contingency fee basis in November of 2006. Mr. Esposito gave notice of these proceedings to creditors on December 14, 2006. (Ct. Rec. 389 at 64). Mr. Esposito has now joined this proceeding.

3. Analysis

In considering the request for judicial estoppel, the Court is mindful that

> "judicial estoppel is an 'extraordinary remed[y] to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice.' It is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims, especially when the alleged inconsistency is insignificant at best and there is no evidence of intent to mislead the courts. Judicial estoppel is not a sword to be wielded by adversaries unless such tactics are necessary to 'secure substantial equity.'"

*Valdez v. JDR LLC*, 2006 WL 2038456 (D. Ariz., July 20, 2006)(quoting *Ryan Operations G. P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 364 (3rd Cir. 1996)).

At the outset, both parties agree that *Hamilton* is controlling 9th Circuit Authority and that *Johnson* requires a showing of intentional, rather than inadvertent conduct. The facts of *Hamilton* are quite compelling where intention is concerned. In that case the trustee noticed a discrepancy: Mr. Hamilton had listed a very large vandalism loss, and the Trustee wrote him to inquire as to whether he was pursuing an insurance claim, because no corresponding claim was scheduled. After additional correspondence between the two, with Mr. Hamilton refusing

to provide the information on his insurance to the Trustee, the Trustee moved to dismiss the bankruptcy for bad faith and failure to cooperate by Hamilton. Id. at 781. Though not highlighted by the parties, the holding affirmed in *Hamilton* was twofold. First, the district court found that as a matter of law, Mr. Hamilton made false representations to State Farm in their investigation of his claim under the insurance policy, which "voided coverage under the concealment or fraud provision." 270 F.3d at 778. Second, Hamilton's claim was barred by judicial estoppel "by first failing to amend his bankruptcy schedules to include his insurance claim and pending bad faith action against State Farm, and then persisting in his attempts to recover on the claims against State Farm." Id. at 782.

Affirming the District Court, the panel indicated that "[j]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." Id. at 784. Thus the primary Ninth Circuit authority cited by the parties contemplates that such errors *might be inadvertently made*, but that such mistakes could be remedied by amendment. In *Johnson*, the Court described judicial estoppel as applicable "when a party's position is tantamount to a knowing misrepresentation to or even fraud on the court." 141 F. 3d 1361, 1369. Further, "[i]f incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply." Id. (citations omitted). In applying the doctrine of judicial estoppel, it is important to consider

the doctrine as a finding tantamount to a serious misrepresentation, or even fraud. By contrast, mistaken filings in a bankruptcy proceeding--as in other litigation--can often be corrected without such serious consequences.

Plaintiff Kriger testifies that he disclosed the action to his attorney, and thought it was included in the schedules. Although Defendants cite authority that litigants should be bound by the actions of their attorneys, the inquiry is not whether Plaintiff Kriger is "bound" by the mistakes in the original schedules, but rather whether the Plaintiff Kriger (along with his counsel) acted intentionally, as opposed to inadvertently. For example, in *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 397 (1993), cited by Defendants, the Supreme Court found error by the court of appeals in not imputing to litigants unexcused conduct of their counsel in missing a deadline. The Supreme Court nevertheless affirmed the court of appeals findings, and ultimately held that a bankruptcy court *has authority to permit a late-filed claim that was the result of inadvertent conduct*. *Id.*

In reply, Defendants make much of the fact that along with amending Schedule B to include this suit, Mr. Kriger also amended Schedule C to claim an exemption for a large portion of any value of this action: "the trustee for the benefit of Kriger's creditors only receives twenty percent (20%)" (Ct. Rec. 400 at 5).[2] On the issue of intent, Defendants

---

[2] At hearing, the parties clarified that the current proposal for exemption before the bankruptcy court is 50% to Plaintiff, and 50% to the Trustee.

arguments perhaps prove too much: if Plaintiff would have been entitled to exempt some or all of the value of this action, that supports a finding that failure to include it was inadvertent, and not deliberate.

While the parties disagree about the nature and effect of the reopened bankruptcy, all agreed at the hearing that the bankruptcy court will not be called upon to determine whether Mr. Kriger's prior filing was intentional or inadvertent. Consequently, the Court returns to the original Motion for Summary Judgment filed by Defendants. To show entitlement to judgment as a matter of law, Defendants must show intentional conduct. Mr. Kriger has presented evidence that he acted inadvertently. Neither party cited authority to this court on whether determination of intent in applying judicial estoppel is a matter for the Court or for the finder of fact. Where the parties agree that intentional conduct must be shown, the Court, being obliged to construe all evidence in favor of the nonmoving party, finds that a genuine issue of material fact exists on this issue of intent versus inadvertence. Consequently, Defendants' Motion for Summary Judgment on Judicial Estoppel (Ct. Rec. 380) is **denied**.

4. Conclusion

The Court denies Defendants' Motion for Summary Judgment, finding genuine issues of material fact exist as to whether Plaintiff Kriger acted intentionally or inadvertently in the bankruptcy filing.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment against Ivan Kriger **(Ct. Rec. 380)**, based on Judicial Estoppel is **DENIED.**

2. Plaintiff Ivan Kriger's Motion for Leave of Court to Join or

Substitute Joseph Esposito **(Ct. Rec. 418)** and Motion to Expedite hearing thereon **(Ct. Rec. 417)**, are **GRANTED.** The **caption** is hereby **amended.**

3. Defendants' Motion to Strike **(Ct. Rec. 404)** is **DENIED.**

4. **Plaintiff Ivan Kriger** and Defendants, no later than **February 1, 2007, shall file** a brief of no more than **5 pages** with no attachments, to address the following issue:

a. In the context of judicial estoppel and the Court's finding a genuine issue of material fact, should that issue--Mr. Kriger's intentional or inadvertent conduct--be determined by the court or by a jury?

Briefs filed shall contain no procedural or factual history, but shall only address legal authority on this issue.

5. The **pretrial conference** in this matter is **RESET** from February 22, 2007 to **February 21, 2007,** at **2:00 p.m.** in **Spokane**, Washington.

**IT IS SO ORDERED.** The District Court Executive is directed to: enter this Order and provide copies to counsel.

**DATED** this 1st day of February 2007

s/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2003\0250.bowen.msj.2.wpd