UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATALYA PRACH, IVAN KRIGER, ANDREY SAMOLOVOV, ANATOLIY TSIRIBKO AND JOSEPH ESPOSITO, as TRUSTEE FOR IVAN KRIGER,<br><br>    Plaintiffs,<br><br>  vs.<br><br>BOWEN PROPERTY MANAGEMENT, L.P., JOHN BALLAS, and KERRY LEMONS,<br><br>    Defendants. | NO.  CV-03-0250-EFS<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO FILE LATE OBJECTION AND GRANTING DEFENDANTS BOWEN AND BALLAS' MOTION FOR JUDGMENT OF DISMISSAL FOLLOWING RETURN OF MANDATE AND MOTION FOR ORDER DIRECTING CLERK TO RELEASE CASH BOND** |

Before the Court, without oral argument, are Defendants Bowen Property Management, Inc. ("Bowen") and John Ballas' Motion for Judgment of Dismissal Following Return of Mandate (Ct. Rec. 656) and Motion for Order Directing Clerk to Release Cash Bond Following Return of Mandate (Ct. Rec. 654). No timely response was filed to these motions; however, on March 6, 2009, Plaintiffs sought leave to file a late objection (Ct. Rec. 659). After reviewing the submitted material and relevant authority, the Court is fully informed and denies Plaintiffs' motion and grants Defendants' motions.

///

ORDER ~ 1

**A. Background**

Jury verdicts were entered in Plaintiffs' favor, including Plaintiffs Kriger[1] and Samolovov, on March 23, 2007. (Ct. Recs. 482 & 484.) Defendants Bowen and Ballas appealed these verdicts, as well as an award of attorneys' fees and costs in Plaintiffs' favor. Defendant Kerrey Lemons did not appeal the jury verdicts.[2] On review, the Ninth Circuit determined that Defendants Bowen and Ballas are entitled to judgment as a matter of law because Plaintiffs Kriger and Samolovov's damages were not caused by Bowen's and Ballas's conduct. (Ct. Rec. 650.)

**B. Plaintiffs' Motion to File Late Objection to Motion for Judgment of Dismissal**

Plaintiffs request permission to file a late response to Defendants' motions because they believed they "had until March 30, 2009[,] to file any petition to the Supreme Court and did not recognize the Motion to Dismiss might change that date." (Ct. Rec. 659.) Defendants Bowen and Ballas object. Plaintiffs did not file a reply. Because the Court is bound by the Ninth Circuit mandate, *Vizcaino v. U.S. Dist. Ct. for the W. Dist. of Wash.*, 173 F.3d 713, 719 (9th Cir. 1999), and the Ninth Circuit docket does not reflect that Plaintiffs have sought a stay pending the to-be-filed writ of certiorari, the Court

---

[1] Joseph Esposito is the bankruptcy trustee for Ivan Kriger and was joined in this action on February 1, 2007. (Ct. Rec. 427.)

[2] Because Defendant Lemons did not appeal the jury verdicts, the Court will not modify the substance of the judgments in relation to Defendant Lemons.

ORDER - 2

declines to grant Plaintiffs an extension of time to file an objection.

**C.  Defendants' Motions**

Consistent with the Ninth Circuit's ruling, the Court orders modification of the judgments (Ct. Recs. 488 & 632) as set forth below.[3] The Court notes that it is modifying the prior attorney fees award for Christopher Grimes (Ct. Rec. 631), finding that 100 hours (not 200 hours) is a reasonable number of hours for Mr. Grimes to have spent on litigating claims against Defendant Lemons.  Accordingly, the previous $25,000 attorneys fees award, which was downwardly adjusted under *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1995), is reduced to $12,500.

In addition, the Court releases the funds previously deposited by Defendants Bowen and Ballas.  The Court, however, denies Defendants Bowen and Ballas' request for costs (Ct. Rec. 658) because Plaintiffs Kriger and Samolovov were proceeding *pro se* following Christopher Grimes' withdrawal until a legal aid clinic elected to assist them for trial and appeal purposes and their claims were not frivolous.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Plaintiffs' Motion to File Late Objection to Motion for Judgment of Dismissal **(Ct. Rec. 659)** is **DENIED**.

2.  Defendants Bowen and Ballas' Motion for Judgment of Dismissal Following Return of Mandate **(Ct. Rec. 656)** is **GRANTED**.

3.  Defendants Bowen and Ballas' Motion for Order Directing Clerk

---

[3] Because Plaintiffs Natalya Prach and Anatoly Tsiribko settled with Defendants Bowen and Ballas post-trial, resulting in satisfaction of the judgments in full, the to-be-entered judgment will also not include these Plaintiffs recovering from Defendants Bowen and Ballas.

ORDER ~ 3

to Release Cash Bond Following Return of Mandate **(Ct. Rec. 654)** is **GRANTED**.

    4.    The prior Judgments **(Ct. Recs. 488 & 632)** are **VACATED**.

    5.    An amended **Judgment** shall be entered as follows:

Judgment is entered in Defendants BOWEN and BALLAS' favor. Further, judgment is entered in Plaintiffs' favor as to Defendant KERRY LEMONS as follows:

    a.    Plaintiff NATALYA PRACH shall recover from Defendant KERREY LEMONS the sum of $3001.00 and her costs of action, both with interest at the rate of 4.93% as provided by 28 U.S.C. § 1961;

    b.    Plaintiff IVAN KRIGER/JOSEPH ESPOSITO shall recover from Defendant KERREY LEMONS the sum of $1.00 and his costs of action, both with interest at the rate of 4.93% as provided by 28 U.S.C. § 1961;

    c.    Plaintiff ANDREY SAMOLOVOV shall recover from Defendant KERREY LEMONS the sum of $1.00 and his costs of action, both with interest at the rate of 4.93% as provided by 28 U.S.C. § 1961;

    d.    Plaintiff ANATOLIY TSIRIBKO shall recover from Defendant KERREY LEMONS the sum of $1.00 and his costs of action, both with interest at the rate of 4.93% as provided by 28 U.S.C. § 1961; and

    e.    Plaintiffs Kriger, Samolovov, and Tsiribko shall recover from Defendant KERRY LEMONS $12,500.00 for Mr. Grimes' attorney fees, plus costs.

6.  The remaining $244,335.00 previously deposited by Defendants Bowen and Ballas with the Court, adjusted for interest and an investment fee, shall be released to defense counsel's trust account.  Within one (1) week of this Order, defense counsel shall contact the Clerk's Office's Financial Administrator to provide the trust account number.

5.  Defendants Bowen and Ballas' Bill of Costs **(Ct. Rec. 658)** is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and furnish copies to counsel and the Financial Administrator.

**DATED** this ___1st___ day of April 2009.


                          s/Edward F. Shea
                         EDWARD F. SHEA
                   UNITED STATES DISTRICT JUDGE




Q:\Civil\2003\0250.amd.jugmt.release.funds.wpd

ORDER ~ 5